**TEXAS STEEL COMPANY**

v.

**Raymond J DONOVAN, Secretary of Labor, United States Department of Labor, et al.**

Civ. A. Nos. CA 4–81–284–E, CA 4–81–286.

United States District Court, N. D. Texas, Fort Worth Division.

March 12, 1982.

**620**

James L. Morris, Gardere & Wynne, Dallas, Tex., for plaintiff.

Barbara G. Heptig, Dallas, Tex., for defendants.

### ORDER

MAHON, District Judge.

There is pending before the Court plaintiff's motion to compel answers to interrogatories and to require production of documents and subpoenaed materials. After careful review of said motion and the parties' briefs, the Court makes the following ruling.

### I. *Statement of Facts.*

Plaintiff, Texas Steel Company owns and operates a manufacturing facility and is engaged in interstate commerce and is located in Fort Worth, Texas. On May 7, 1980, defendant, Occupational Safety and Health Administration (OSHA) received a safety complaint from the president of the union representing employees at plaintiff's Fort Worth facility. This complaint apparently related to the stacking of steel rebars in the outdoors shipping area of plaintiff's plant. Based upon this complaint OSHA decided to inspect plaintiff's plant. On May 13, 1980, Mr. Scott, an OSHA compliance officer, sought voluntary entry of plaintiff's plant. Plaintiff denied Mr. Scott entry, and informed him that plaintiff would assert its right to be subjected to an inspection only after the issuance of a properly obtained search warrant. Mr. Scott obtained further evidence of the violation, and on June 2, 1981, OSHA agents made an *ex parte* application to United States Magistrate Alex H. McGlinchey for a search warrant. On that same date, Magistrate McGlinchey did issue such a warrant.

On June 10, 1981, OSHA compliance officer Henry Slagle presented the warrant at plaintiff's plant. Plaintiff's attorney read the warrant and claimed that he was unable to make a reasoned assessment of the grounds for the warrant, and therefore refused to allow Slagle to enter.

On June 12, 1981, defendants responded to plaintiff's refusal by filing an action to have plaintiff held in contempt of court. On that same date plaintiff filed the present suit claiming that the search warrant was invalid and that the regulation allowing defendants to obtain an *ex parte* warrant was invalid. These cases were consolidated by the Court Order on July 6, 1981.

The present Order involves only the second aspect of plaintiff's case, this is the challenge to the regulation allowing *ex parte* warrants. Plaintiff claims that 29 C.F.R. § 1903.4 was improperly promulgated because defendants had not seriously considered public comments on the proposed regulation. Plaintiff also claims that 29 C.F.R. § 1903.4 does not contain standards or guidelines setting forth the circumstances in which a warrant could be sought *ex parte*. Plaintiff claims therefore that the regulation is arbitrary, capricious, and an abuse of defendants' discretion, and consequently is without the force and effect of law. Plaintiff also claims that 29 C.F.R. § 1903.4 conflicts with 29 C.F.R. § 1903.11. Plaintiff claims that § 1903.11 states that inspections shall be limited to matters referred to in the employee complaint. Thus, plaintiff claims the § 1903.4 which does not so limit a search is arbitrary, capricious, and an abuse of defendants' discretion, and is without the force and effect of law.

### II. *Discussion.*

The parties' main point of contention is the question of what discovery is relevant to the present lawsuit. Plaintiff is correct that in the normal lawsuit, discovery should be freely allowed absent a clear showing that the discovery sought is not relevant or will not lead to relevant matters. However, the present suit is not the normal civil suit. Plaintiff in this suit seeks to hold invalid a regulation adopted by a federal agency, through that agency's informal rule making procedure. As the Supreme Court clearly held in *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), discovery in such suits is usually limited to the administrative record that was before

the agency when the final rule was adopted. Thus, discovery beyond the administrative record is usually inappropriate and not relevant. *Citizens to Preserve Overton Park, Inc. v. Volpe, supra. See also, Camp v. Pitts,* 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973).

As just stated discovery beyond the administrative record is *usually* not permitted. However, there are exceptions when there is a need to go beyond the administrative record in order to facilitate proper judicial review. In the present case, the Court will allow discovery beyond the administrative record under the following circumstances.

■ 1. Plaintiff may conduct discovery beyond the administrative record in order to determine whether the administrative record is complete. However, before plaintiff can conduct such discovery, it must demonstrate some reasonable basis for believing that the administrative record is incomplete. *Natural Resources Defense Council, Inc. v. Train,* 519 F.2d 287, 291–92 (D.C.Cir.1975); *Appalachian Power Co. v. EPA,* 477 F.2d 495, 507 (4th Cir. 1973); *Exxon Corp. v. D.O.E.,* 91 F.R.D. 26, 33–34 (N.D.Tex.1981); *Quincy Oil, Inc. v. FEA,* 468 F.Supp. 383, 387 (D.Mass.1979). Plaintiff does not have to show that the agency acted in "bad faith," before such discovery will be allowed, plaintiff merely has to produce reasonable evidence so that the Court may determine whether the "whole" record has been filed. *Exxon Corp. v. D.O.E., supra* at 33.

■ 2. After the complete record is before the Court, plaintiff may conduct discovery beyond the administrative record, if plaintiff makes a substantial showing that the complete record is inadequate to explain the agency's adoption of the regulation in question. *Camp v. Pitts, supra,* 411 U.S. at 142–43, 93 S.Ct. at 1244; *Citizens to Preserve Overton Park, Inc. v. Volpe, supra* 401 U.S. at 420, 91 S.Ct. at 825; *ASARCO, Inc. v. EPA,* 616 F.2d 1153, 1160–61 (9th Cir. 1980). Thus, if plaintiff persuades the Court that the record is, although complete, inadequate, further discovery may be had in the form of affidavits or testimony to ob-

tain additional explanations of the reasons for the agency actions. However, this discovery should be merely explanatory of the original record and should contain no new rationalizations. *Environmental Defense Fund, Inc. v. Costle,* 657 F.2d 275, 285 (D.C. Cir.1981); *Bunker Hill Co. v. EPA,* 572 F.2d 1286, 1292 (9th Cir. 1977).

3. Plaintiff may conduct discovery beyond the administrative record if plaintiff makes a strong showing of improper behavior or bad faith by the agency. *Citizens to Preserve Overton Park v. Volpe, supra* 401 U.S. at 420, 91 S.Ct. at 825. *Getty Oil Co. v. DOE,* No. CV–77–4533 *WMB,* slip op. at 3 (C.D.Cal. May 16, 1979); *Environmental Defense Fund, Inc. v. Blum,* 458 F.Supp. 650, 662–63 (D.C.D.C.1978). However it should be emphasized that plaintiff must make "a strong showing" that the agency acted improperly.

Because of the broad nature of this Order, the Court feels that it would be more sensible to deny plaintiff's motion to compel, without prejudice to the refiling of the motion after considering this Order. Plaintiff should also be aware that this Order does not affect any claim of privilege by the defendants. The burden of raising and proving a claim of privilege rests on the government and such claim will be ruled on when plaintiff properly and in compliance with this Order seeks discovery. *Coastal States Gas Corp. v. DOE,* 617 F.2d 854, 866 (D.C.Cir.1980).

### III. *Conclusion.*

Thus, the Court ORDERS that plaintiff's motion to compel is DENIED without prejudice to refile the motion in compliance with this Order.