**UNITED STATES of America, Plaintiff,**

v.

**AMTRECO, INC., et al., Defendants.**

**Civ. A. No. 90–31–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Nov. 13, 1992.

Frank L. Butler, III, Macon, Ga., Valerie Ann Lee, Heidi E. Weckwert, Washington, D.C., for U.S.

Howard Bridges Slocumb, Berrien L. Sutton, Homerville, Ga., for Amtreco, Inc., James L. Dickerson.

Alan M. Wolper, Charles A. Perry, Atlanta, Ga., for American Telephone and Telegraph, Western Elec.

J. Converse Bright, Valdosta, Ga., for Lee Engineering & Const. Co.

## ORDER

OWENS, Chief Judge.

Before the court is defendants' motion for supplementation of the administrative record. Defendants' original motion for supplementation was denied by this court by order of September 24, 1992; however, the court permitted defendants to submit specific documents for the court to consider for supplementation. Defendants have responded to this order by submitting eight actual documents as well as an extensive list of other documents to be added to the administrative record.

Under 42 U.S.C. § 9613(j)(1), in CERCLA cases, the court is limited to the administrative record in reviewing the Environmental

Protection Agency's ("EPA") selection of the remedy used to remove hazardous waste from a contaminated site. Whether the court can consider any supplemental materials outside the administrative record is governed by general principles of administrative law. § 9613(j)(1).

■ Supplementation of an administrative record is only allowed in the following circumstances: (1) the record is so inadequate to explain the agency action that it "effectively frustrates judicial review"; (2) the record is incomplete in that it does not contain documents considered by the decision-maker; (3) the agency has failed to consider relevant factors; or (4) there is a strong showing that the agency engaged in improper behavior or acted in bad faith. *See Animal Defense Council v. Hodel,* 840 F.2d 1432 (9th Cir.1989); *Texas Steel Co. v. Donovan,* 93 F.R.D. 619 (N.D.Tex.1982). These exceptions are to be narrowly construed, and defendants have a heavy burden to show that supplementation is necessary. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971).

■ Defendants contend that the administrative record in this case is incomplete in that numerous documents should have been included in the record which were not. This argument is based in part upon their claim that they were not permitted to participate in the development of the administrative record.

The following CERCLA provisions from 42 U.S.C. § 9613(k) are applicable to this case:

(1) Administrative record

The president shall establish an administrative record upon which the President shall base the selection of a response action. The administrative record shall be available to the public at or near the facility at issue. . . .

(2) Participation procedures

(A) Removal action

The president shall promulgate regulations in accordance with chapter 5 of Title 5 of the United States Code establishing procedures for the appropriate participation of interested persons in the development of the administrative record on which the President will base the selection of removal actions and on which judicial review of removal actions will be based.

. . . . .

(C) Interim record

Until such regulations under subparagraphs (A) and (B) are promulgated, the administrative record shall consist of all items developed and received pursuant to current procedures for selection of the response action, including procedures for the participation of interested parties and the public. . . .

The EPA selection of a response action in this case occurred on July 2, 1987, when Rita Ford, the on-scene coordinator, drafted an action memorandum seeking authorization for a removal action at the Amtreco site. The method of removal selected was that of off-site transport. At the time of this decision, no regulations concerning "procedures for the appropriate participation of interested persons in the development of the administrative record" had been promulgated. Furthermore, there were no regulations governing the contents of an administrative record in CERCLA cases. Therefore, the administrative record in this case was simply to "consist of all items developed and received pursuant to current procedures for selection of the response action," as set forth in the "Interim record" procedures in 42 U.S.C. § 9613(k)(2)(C). There was no requirement that defendants participate in the development of the administrative record.

■ Nevertheless, defendants were given opportunity to participate in the development of the administrative record. In 1990, the EPA compiled all documents used in selecting the Amtreco response action into one "administrative record file" and placed this file in the Homerville, Georgia, public library. The EPA also published a notice in the *Clinch County News* seeking public comment concerning the composition of the file. The EPA received no response to this request. Therefore, defendants had ample opportunity to participate in the de-

velopment of the administrative record in this case and failed to do so.

■ Furthermore, even assuming that defendants were denied an opportunity to participate in the development of the record, defendants have failed to show that the record is incomplete. Rita Ford, the on-scene coordinator for the Amtreco site, has certified that the administrative record contains all materials upon which she based her selection of the off-site transport remedy. Defendants have put forth no evidence that any documents considered by the EPA in making this selection are missing from the administrative record.

■ Instead, they contend that the administrative record is inadequate because it was not physically assembled until 1990, three years after the response selection was made. This technical argument has no merit. Physical assembly of an administrative record prior to an agency decision is not necessary.

■ In addition, the documents that defendants are seeking to add to the administrative record clearly could not have been used by the EPA in making its selection of off-site transport on July 2, 1987. First, many of the documents were created *after* the selection was made. These include numerous depositions, affidavits, and other materials generated during and after the implementation of the off-site transport removal process at the Amtreco site. Post-decisional information is not relevant to a judicial review of an agency decision. *Wisconsin Electric Power Co. v. Costle,* 715 F.2d 323 (7th Cir.1983).

Second, defendants seek to include many documents that were not available to the EPA during the selection process. Consequently, these documents could not have been considered.

Third, defendants seek to include many documents concerning other hazardous waste sites. This information is not relevant to the EPA's selection of a response action for the Amtreco site.

Finally, defendants seek to include many documents relating to the bioremediation process. Defendants had originally made a proposal to the EPA to use bioremediation as the method to clean up the Amtreco site.

The EPA rejected this proposal and determined that off-site transport was the proper remedy for the site. The administrative record already contains the information on bioremediation that was considered by the EPA.

Defendants have failed to establish that the administrative record in this case is lacking in any way. It contains all information used by the EPA in making its selection of off-site transport as a response action for the Amtreco site. Whether this information supports the EPA decision is a matter for judicial review using the arbitrary and capricious standard. Outside information that might contradict the EPA decision is irrelevant if the EPA did not consider this information in rendering its decision. Therefore, the court finds that the administrative record is complete, and no supplementation is necessary.

■ However, the court notes that it can consider evidence of an explanatory nature when reviewing an administrative record where complex and technical matters are involved. *Animal Defense Council v. Hodel,* 840 F.2d 1432 (9th Cir.1988); *Arkla Exploration Co. v. Texas Oil & Gas Co.,* 734 F.2d 347 (8th Cir.1984). In this case, Dianne Hazaga, on-scene coordinator from 1984–87, and Rita Ford, on-scene coordinator from 1987–, were the major decision-makers in the Amtreco response action. The court believes that their testimony will be helpful in undertaking a review of the administrative record. Hence, the court will permit the administrative record to be supplemented with the depositions of Dianne Hazaga and Rita Ford for explanatory purposes.

Accordingly, defendants' motion for supplementation of the administrative record is GRANTED IN PART and DENIED IN PART. The court will consider the depositions of Dianne Hazaga and Rita Ford during its review of the administrative record; however, no further supplementation is permitted.

SO ORDERED.