UNITED STATES of America, Plaintiff,

v.

AMTRECO, INC., et al., Defendants.

Civ. No. 90–31–VAL(WDO).

United States District Court,
M.D. Georgia,
Valdosta Division.

July 1, 1994.

---

William David Gifford, Macon, GA, Heidi E. Weckwert, Valerie Ann Lee, James A. Lofton, U.S. Dept. of Justice, Washington, DC, for plaintiff.

James A. Nolan, Eatonton, GA, Herbert C. Rule, III, Jess Askew, III, Brian M. Rosenthal, Little Rock, AR, for defendants.

Alan M. Wolper, Charles A. Perry, Rita A. Sheffey, Atlanta, GA, for American Telephone and Telegraph, Western Electric.

J. Converse Bright, Valdosta, GA, William U. Norwood, III, Thomasville, GA, for Lee Engineering & Const. Co.

### ORDER

OWENS, Chief Judge.

Before the court are defendants' motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and defendants' motion for relief from judgment under Rules 60(a) and 60(b)(6) of the Federal Rules of Civil Procedure. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

### DISCUSSION

A motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure may be granted on one of three grounds: "An intervening change in controlling law, the availability of new evidence, and the need to correct clear error or prevent manifest injustice." *Estate of Pidcock v. Sunnyland America, Inc.,* 726 F.Supp. 1322, 1333 (S.D.Ga.1989); *see also Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D.Miss.1990); *Natural Resources Defense Council v. Environmental Protection Agency,* 705 F.Supp. 698, 702 (D.D.C.1989). "As a general rule, a motion to amend ... should not be 'employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits.'" *Estate of Pidcock,* 726 F.Supp. at 1334 (quoting *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir.1986)). Defendants do not contend that the March 22, 1994 order of this court should be set aside on the basis of new evidence or a change in controlling law. Instead, defendants assert that the court should set aside its prior order on the basis of clear error of law. In this regard, other courts have cautioned "that any litigant considering bringing a motion to [alter or amend judgment] upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins,* 130 F.R.D. at 626.

Defendants contend that the court should set aside its March 22, 1994 order, 846 F.Supp. 1578, for three reasons: (1) The court failed to address the issue of the proper allocation of liability among defendants; (2) the court failed to consider the owner's response to the Environmental Protection Agency's ("EPA") administrative order; and (3) genuine issues of material fact exist concerning the reasonableness and necessity of costs claimed by the EPA. Further, defendants assert that the court should set aside its December 22, 1992 order granting plaintiff's motion for partial summary judgment on liability because genuine issues of material fact exist concerning James L. Dickerson, Sr.'s alleged personal liability, 809 F.Supp. 959.

### I. Allocation of Liability

On August 13, 1992, the United States filed a motion for partial summary judgment regarding defendants' liability for response costs under the Comprehensive Environmental Response, Compensation, and Liability Act, ("CERCLA") 42 U.S.C. § 9601 *et seq.* In the motion, the United States requested "that the court find that James L. Dickerson and Amtreco Inc. are liable parties pursuant to Section 107(a) by virtue of

being "owners" and/or "operators" of the Dickerson Site, and such, *they are jointly and severally liable* for all response costs not inconsistent with the NCP." (Pl.'s Mot. Part.Summ.J. at 2) (emphasis added). On December 22, 1992, this court granted the United States' motion for partial summary judgment regarding CERCLA liability. Although the court failed to specifically recite that defendants are jointly and severally liable, implicit in the granting of the United States' motion is that determination. Accordingly, defendants' motion to alter or amend judgment on the basis that the court has failed to allocate liability, is **DENIED.**

## II. Owner's Response

Defendants contend that their motion to alter or amend judgment should be granted because the court failed to consider the owner's response to the EPA's administrative order. Previously, this court held that should it be determined that defendants' proposed response "was a proper response, the EPA potentially could only recover the cost that [defendants] would have otherwise incurred in implementing their plan." *United States v. Dickerson,* 660 F.Supp. 227, 233 (M.D.Ga.1987); *see also* 42 U.S.C. § 9604(a)(1)(A).[1] The court, however, in its March 22, 1994 order, failed to address the issue of whether the EPA properly rejected defendants' proposed response. Accordingly, defendants' motion to alter or amend judgment is **GRANTED** as to defendants' claim that the court failed to consider the owner's response to the EPA's administrative order.

## III. Reasonableness of Costs

Defendants contend that this court's March 22, 1994 order should be set aside because genuine issues of material fact exist concerning the reasonableness and necessity of costs claimed by the EPA. In *United States v. Hardage,* 982 F.2d 1436 (10th Cir.

1992), the United States Court of Appeals for the Tenth Circuit, in addressing this same argument, held:

> CERCLA ... is a strict liability statute. The only way a responsible party can escape liability for the government's cost incurred at a particular site is to demonstrate that the government's response actions ... are inconsistent with the NCP. [The defendant] contends that a challenge that an *individual cost* is excessive or unreasonable demonstrates inconsistency with the NCP. However, CERCLA ... does not limit the government's recovery to "all *reasonable* costs;" rather, it permits the government to recover "*all* costs of removal or remedial action incurred ... not inconsistent with the [NCP]." Costs, by themselves, cannot be inconsistent with the NCP. Only response actions—i.e., removal or remedial actions—can be inconsistent with the NCP, which can be demonstrated by a showing that the government's choice of response action was arbitrary and capricious. As long as the government's choice of response action is not inconsistent with the NCP, its costs are presumed to be reasonable and therefore recoverable.

*Hardage,* 982 F.2d at 1443 (emphasis in original).

In the March 22, 1994 order, this court, relying on the above language in *Hardage,* held that "defendants have failed to raise a genuine issue of material fact as to whether the response chosen by the United States was arbitrary and capricious." *United States v. Amtreco, Inc.,* 846 F.Supp. 1578, 1584 (M.D.Ga.1994). As the court finds no basis for revisiting that determination, the costs incurred by the EPA "are presumed to be reasonable and therefore recoverable." *Hardage,* 982 F.2d at 1443. Accordingly, defendants' motion to alter or amend judg-

---

1. Section 9604(a)(1)(A) provides, in part:
   Whenever ... any hazardous substance is released or there is a substantial threat of such release into the environment ... the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance ... unless the President determines that such re-

moval and remedial action will be done properly by the owner or operator of the ... facility....
42 U.S.C.A. § 9604(a)(1)(A) (1983). Although this subsection was replaced in 1987, *see* 42 U.S.C.A. § 9604(a)(1)(A) (Supp.1994), the 1983 version was in effect at the time the relevant events took place.

ment on the basis that genuine issues of material fact exist concerning the reasonableness and necessity of costs claimed by the EPA, is **DENIED.**

### IV. Personal Liability

Defendants contend that the court should set aside its December 22, 1992 order granting plaintiff's motion for partial summary judgment regarding liability on the basis that genuine issues of material fact exist concerning James L. Dickerson, Sr.'s alleged personal liability. Defendants' motion is nothing more than an attempt to relitigate the issue of James L. Dickerson, Sr.'s personal liability. As discussed above, "a motion to amend ... should not be 'employed to ... relitigate old issues, ... or to secure a rehearing on the merits.'" *Estate of Pidcock,* 726 F.Supp. at 1334. Accordingly, defendants' motion to alter or amend this court's December 22, 1992 order is **DENIED.**

### CONCLUSION

Defendants' motion to alter or amend judgment is **GRANTED** as to defendants' claim that the court failed to consider the owner's response to the EPA's administrative order. Defendants' motion to alter or amend judgment as to defendants' remaining contentions, is **DENIED.** Accordingly, the sole issue for the court's consideration is whether the EPA properly rejected defendants' proposed removal method. However, on November 12, 1992, this court held that consideration of this issue is (1) limited to information contained in the administrative record, and (2) subject to the arbitrary and capricious standard of review. *United States v. Amtreco,* 806 F.Supp. 1004, 1007 (M.D.Ga. 1992). Accordingly, within thirty (30) days, defendants may submit a memorandum of law addressing the issue of whether, based on the administrative record, the EPA's decision to reject defendants' proposed removal method was arbitrary and capricious. The United States may, within fifteen (15) days of receipt of defendants' memorandum, submit a response to defendants' brief.

As the limited issue of owner's response remains before the court, defendants' motion for relief from judgment under Rules 60(a) and 60(b)(6) of the Federal Rules of Civil Procedure is **GRANTED** and the clerk of court is hereby **ORDERED** to withdraw the final judgment entered on March 24, 1994.

SO ORDERED.