**Parker G. ATKINS; Carl Roy Fortenberry; Robert Hynum; J.P. Jackson; and John H. King, Plaintiffs,**

v.

**MARATHON LeTOURNEAU COMPANY, Defendants.**

**Civ. A. No. J89–0101(B).**

United States District Court, S.D. Mississippi, Jackson Division.

May 11, 1990.

John W. Prewitt, Sr., Vicksburg, Miss., John M. Mooney, Jr., Paul A. Koerber, Jackson, Miss., for plaintiffs.

William G. Beanland, Vicksburg, Miss., John H. Smither, Houston, Tex., for defendants.

## ORDER

BARBOUR, Chief Judge.

This cause is before the Court on Motion of Defendant for Reconsideration of Motion for Summary Judgment against Plaintiffs King and Jackson, and on Plaintiffs' Motion for Sanctions. Having considered these Motions, the Court is of the opinion that the Motion of Defendant is without merit and should be denied, and that Plaintiffs' Motion should be granted.

■ The Motion for Reconsideration apparently is not filed pursuant to any provision of either the Federal Rules of Civil Procedure or the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi. Defendant has presented no newly discovered evidence which would warrant a reconsideration of the Memorandum Opinion and Order of this Court issued on February 23, 1990, nor has Defendant pointed to any element either of fact or of law which was not before this Court at the time

of the initial consideration by this Court of the Motion of Defendant for Summary Judgment. In essence, Defendant has merely re-argued its Motion for Summary Judgment. Such activity is unwarranted by any rule, written or otherwise, governing procedure in this Court. As another district court stated in a somewhat analogous situation, that is, in denying a frivolous Motion to Alter Judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure,

> [t]he plaintiff in his brief brings forward no matter that could not have been argued before judgment was entered herein. His brief in support of his motion is no more than an expression of a view of the law contrary to that set forth in the Court's opinion. Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.

*Durkin v. Taylor,* 444 F.Supp. 879, 889 (E.D.Va.1977). Similarly, there is no reason why Defendant should be given another opportunity to argue a Motion denied by this Court.

■ The Court here notes for purposes of clarification that it, as have other courts in the context of Rule 59(e) motions, recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. *Natural Resources Defense Council v. United States Envtl. Protection Agency,* 705 F.Supp. 698, 702 (D.D.C.1989), *vacated on other grounds,* 707 F.Supp. 3 (D.D.C. 1989). With regard to the third ground, the Court cautions that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is

in fact simply a point of disagreement between the Court and the litigant.[1]

■ The Court considers well taken Plaintiffs' Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, which states in relevant part as follows:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

As stated *supra,* the Motion for Reconsideration of Defendant was not filed pursuant to any ascertainable rule or provision and therefore is not warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law. Accordingly, sanctions must be issued pursuant to Rule 11. Plaintiffs have requested an award of attorney's fees and expenses as an appropriate sanction. The Court, however, is mindful of the rule of law in the Fifth Circuit that "the sanction imposed should be the least severe sanction adequate to the purpose of Rule 11." *Thomas v. Capital Sec. Services,*

1. Of course, litigants in this Court who may be considering filing a Rule 59(e) motion after a final judgment has been entered either following a bench trial or in response to a dispositive motion are strongly cautioned as well to weigh the three grounds for a motion for reconsideration mentioned *supra. See Liberty Mut. Ins. Co. v. Graves et al.,* Civil Action No. J88–0535(B) (S.D.Miss. May 11, 1990) (denying Motion to Alter or Amend Judgment following bench trial).

*Inc.,* 836 F.2d 866, 878 (5th Cir.1988). Specifically, the *Thomas* court suggested that "as a less severe alternative to monetary sanctions, district courts may choose to admonish or reprimand attorneys who violate Rule 11." *Id.* This Court finds that a reprimand is sufficient to accomplish its purpose of deterring Defendant and its attorneys from filing motions which are not supported by applicable procedural provisions and in particular from attempting to re-litigate motions which have already been decided. Accordingly, Defendant and its attorneys are reprimanded for their behavior and are warned that if such behavior is repeated either by Defendant or by its attorneys in any future litigation before this Court, monetary sanctions will issue.

IT IS THEREFORE ORDERED that the Motion for Reconsideration of Defendant be denied.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Sanctions be granted. Defendant and its attorneys are hereby reprimanded for filing the instant Motion for Reconsideration.

SO ORDERED.