Kay Hendrick **CURRIE**, an Individual, as Attorney-in-Fact and Conservator for Mrs. Kathleen S. Hendrick, Plaintiff,

v.

**BAXTER, BROWN & COMPANY, INC.** and Samuel G. Cole, III, Defendants.

Civ. A. No. J89–0143(B).

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 20, 1992.

Thomas L. Krebs, Burr and Forman, Birmingham, Ala. and J. Brad Pigott, Maxey Pigott Wann Begley, Jackson, Miss., for plaintiff.

George B. Hewes III and Brooks Eason, Brunini Grantham Grower Hewes, Jackson, Miss., for Baxter, Brown & Co. and Cole.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court pursuant to Rule 59 of the Federal Rules of Civil Procedure upon Plaintiff's Motion to Alter or Amend Judgment. The Court finds that the motion is not well taken and should be denied.

On July 29, 1992, this Court entered a memorandum opinion and order in which the Court found that Plaintiff's failure to bring binding precedent to the attention of the arbitration panel or the Court for many months following the announcement of that decision and allowing the arbitration process to complete its course through final decision constituted a waiver of Plaintiff's right to raise now an argument based on the holding in that case. In her motion to alter or amend judgment, Plaintiff argues that there exists no recognized procedural device that would have enabled Plaintiff to bring the decision of the United States Court of Appeals for the Fifth Circuit in *Catholic Diocese v. A.G. Edward & Sons, Inc.*, 919 F.2d 1054 (5th Cir.1990), to the attention of the Court or the arbitration panel, and that the order of this Court staying all proceedings in this matter pending arbitration precluded Plaintiff from notifying the Court of the decision.

In *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D.Miss.1990), this Court made clear that it recognizes only three possible grounds for any motion to reconsider: 1) an intervening change in controlling law, 2) the availability of new evidence

not previously available, and 3) the need to correct a clear error of law or prevent manifest injustice. *Id.* at 626. Plaintiff's Motion to Alter or Amend Judgment is premised neither upon an intervening change in controlling law nor upon new evidence not previously available. The Court considers this motion as an attempt to establish that the ruling of the Court was a clear error of law or that it constitutes manifest injustice.

Plaintiff tenders two independent justifications for her failure to bring binding precedent to the attention of this Court or the arbitration panel: 1) the absence under federal procedure of a device whereby Plaintiff could have brought the *Catholic Diocese* decision to the attention of the Court, and 2) the stay order issued on July 17, 1989, under which all proceedings in this action were stayed pending arbitration. Specifically, Plaintiff argues that there is no procedural rule that provides for a "motion to reconsider" and that this Court in the past has summarily denied purported motions because they are not specifically provided for under the rules of federal practice. Additionally, Plaintiff contends that the fact that this Court stayed "all" proceedings pending arbitration led her to believe that she was barred from presenting the Court with notice of the decision of the Fifth Circuit.

■ The Court rejects Plaintiff's contention that there existed no procedural device whereby she could have provided the Court with notice of the decision in *Catholic Diocese*. In *Atkins*, 130 F.R.D. 625, this Court considered a motion for reconsideration not filed pursuant to any provision of either the Federal Rules of Civil Procedure or the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi. Rather than denying the motion based on the absence of a rule specifically providing for the filing of such a motion, the Court considered the nature of the arguments presented in the motion and found that it presented no good faith argument for the extension, modification, or reversal of existing law and that it was merely an attempt to re-argue a previ-

ous motion. Furthermore, in setting out the grounds upon which a motion for reconsideration must be based the Court stated, "[t]he Court here notes for purposes of clarification that it, as have other courts in the context of Rule 59(e) motions, recognizes only three possible grounds for *any* motion for reconsideration...." *Id.* at 626 (emphasis added). The fact that this Court considered in *Atkins* a motion for reconsideration which was not provided for by any particular rule of procedure, coupled with the fact that this Court has stated that it applies the same scrutiny to all motions to reconsider, regardless of whether they are brought under Rule 59 of the Federal Rules of Civil Procedure, demonstrates that Plaintiff did in fact have at her disposal a procedural tool whereby she could have presented *Catholic Diocese* to this Court. *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir.1981) ("As long as a district (or an appellate) court has jurisdiction over the case, then (in absence of prohibition by statute or rule), it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient"); *Borskey v. American Pad & Textile Co.*, 296 F.2d 894 (5th Cir.1961) (by way of dictum, court noted that a district court retains jurisdiction over a case after a decision which is merely interlocutory and thus could reexamine its initial decision until final judgment); *United States v. Jerry*, 487 F.2d 600, 605 (3rd Cir.1973) ("[S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders and can reconsider them when it is consonant with justice to do so").

Plaintiff contends that "to permit litigants to re-litigate procedural issues at any time under the guise of a 'motion for reconsideration' every time a new and analogous (or purportedly new and analogous) decision is announced, would be to threaten the finality and reliability of procedural rulings in general...." Pl.'s Mot. at 3. Plaintiff's argument might have merit if this Court were to entertain motions for reconsideration in all instances where a litigant disagrees with the Court, but the Court, in

this case as in *Atkins*, has clearly established that a motion for reconsideration will be considered only if based on one of the grounds enumerated in *Atkins*. Moreover, as demonstrated in *Atkins*, this Court may impose Rule 11 sanctions in those cases where a motion for reconsideration is filed merely to reiterate arguments previously presented in other motions.

■ The Court also rejects Plaintiff's argument that the stay order issued on July 17, 1992, precluded Plaintiff from bringing *Catholic Diocese* to the attention of the Court. In *Transportes Caribe, S.A. v. M/V Feder Trader*, 860 F.2d 637, 639 (5th Cir.1988), a case where the district court stayed proceedings pending arbitration, the Fifth Circuit addressed a similar argument and found that "although the stay suspended the litigation on the merits, the district court retained jurisdiction to rule on procedural matters and to enter its decree upon the arbitration award." Because the Court did not relinquish its authority to reconsider procedural matters by staying proceedings on the merits pending arbitration and because the Plaintiff had the option of bringing *Catholic Diocese* to the attention of the Court through a motion to reconsider, Plaintiff has no justification for waiting until completion of the arbitration proceedings to present her arguments based on that decision.

■ Significantly, Plaintiff makes no attempt whatsoever to justify her failure to bring *Catholic Diocese* to the attention of the arbitration panel. The determination of the Court that Plaintiff waived her right to bring now arguments under the holding in *Catholic Diocese* was based on the fact that Plaintiff failed to provide either the Court *or* the arbitration panel with notice of that decision until after the entire arbitration proceeding had been completed. Because Plaintiff has failed to justify adequately her failure to notify the Court or the arbitration panel of the decision in *Catholic Diocese,* the Court finds that Plaintiff's motion is not well taken and should be denied.

IT IS HEREBY ORDERED that Plaintiff Kay Hendrick Currie's Motion to Alter or Amend Judgment is denied.

SO ORDERED.