OXFORD HOUSE, INC., "John Doe
I," "John Doe II," and "John
Doe III," Plaintiffs,

v.

CITY OF ALBANY, et al., Defendants.

No. 92–CV–1683.

United States District Court,
N.D. New York.

May 17, 1994.

**410**

Disability Advocates, Inc., Albany, NY, for plaintiffs; Cliff Zucker, Simeon Goldman, of counsel.

Vincent J. McArdle, Jr., Corp. Counsel, City of Albany Dept. of Law, Albany, NY, for defendants; Thomas Shepardson, Asst. Corp. Counsel, of counsel.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

Presently before the court is plaintiffs' motion for reconsideration of this court's March 25, 1994 order dismissing plaintiffs' claim arising out of the American with Disabilities Act ("ADA"). Plaintiffs allege that the court's decision dismissing the ADA claim was clearly erroneous, and therefore, urge that their ADA claim be reinstated.

The relevant facts of this case are set forth in this court's decision in *Oxford House, Inc. v. City of Albany*, 819 F.Supp. 1168 (N.D.N.Y.1993) and will not be reiterated here.

A motion for reconsideration made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [1] must adhere to stringent standards. The court's rulings under the said rule are "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983). Rule 59(e) "recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss.1990) (citations omitted).

Regarding the second ground, the court in *Natural Resources Defense Council v. United States Environmental Protection Agency*, 705 F.Supp. 698 (D.D.C.) ("NRDC"), *vacated on other grounds*, 707 F.Supp. 3 (D.D.C. 1989) warned: "Rule 59(e) motions are not vehicles for bringing before the court theories or arguments that were not advanced earlier. Nor may the motion present evidence which was available but not offered at the original ... trial." *NRDC*, 705 F.Supp. at 701–02. Similarly, in *Atkins*, the court added: "With regard to the third ground, the Court cautions that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins*, 130 F.R.D. at 626 (footnote omitted).

Initially, this court had granted defendants' motion to dismiss plaintiffs' ADA claim on the theory that the facts of the case falls outside the scope of the ADA. More specifically, it was determined that a zoning ordinance which prevented plaintiffs from residing in the City of Albany did not constitute an exclusion from a public service, program or activity as required under the ADA. *See* 42 U.S.C. § 12132. This determination was made after examining the cases cited by defendants. *See Burnham v. City of Rohnert Park*, 1992 WL 672965, 1992 U.S. Dist. LEXIS 8540 (N.D.Cal. May 18, 1992) (zoning ordinance not within the purview of the ADA); *Moyer v. Lower Oxford Township*, 1993 WL 5489 (E.D.Pa. Jan. 6, 1993) (the ADA not applicable in zoning context). It must here be highlighted that plaintiffs, in their opposition papers to defendants' motion to dismiss, had completely failed to cite to any authority indicating that the ADA should be applied to a zoning context such as exists here.

In their motion for reconsideration, plaintiffs are now claiming that the legislative history of the ADA does indeed bring zoning regulations within ADA's scope of protection. Plaintiffs argue that the scope of the ADA was intended to be expansive and that the

---

**1.** The corresponding local rule is enumerated in Local Rule 10(M).

forms of discrimination prohibited under the said Act was similar to those prohibited under § 504 of the Rehabilitation Act. (Pltf. Mem. 2). Further, plaintiffs support such contention by stating that the Department of Justice, the agency given authority with the enforcement of the statute, interprets the ADA statute to have an expansive scope of coverage. (Pltf. Mem. at 3).

As earlier stated, the standard for granting a motion for reconsideration is a stringent one: The plaintiffs must demonstrate that there was an intervening change in controlling law, that there is new evidence not previously available, or that there is a need to correct a clear error of law or prevent manifest injustice. *Atkins*, 130 F.R.D. at 626. Clearly, the first two grounds are inapplicable to the case at bar. Accordingly, plaintiffs must demonstrate that there is either a need to correct a clear error of law or manifest injustice. This, plaintiffs cannot do.

■ Although plaintiffs do indeed bring up legitimate arguments in their motion for reconsideration, these arguments are brought forth too late. In a motion to dismiss, the non-moving party has a light burden of demonstrating that there is a valid claim under the complaint as plead. *See Murray v. City of Milford*, 380 F.2d 468 (2d Cir.1967). Thus, if the plaintiffs had initially done the required research when opposing defendants' motion to dismiss the ADA claim, they may have had survived the motion. However, at this juncture of the proceedings, the burden placed on plaintiffs is much greater. Under the standard set forth for granting of a motion for reconsideration, it is the court's determination that plaintiffs have not sufficiently carried their heavy burden of demonstrating that there is clear error in the law or manifest injustice. Therefore, plaintiffs' motion for reconsideration is denied.

The denial of plaintiffs' reconsideration motion does not, however, wholly defeat plaintiffs' claim. This is because the plaintiffs may have an alternative theory of recovery in their Fair Housing Act claim which is still viable.

Accordingly, it is hereby

**ORDERED,** that plaintiffs' motion for reconsideration be denied.

**IT IS SO ORDERED.**