CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, and Other Companies, subscribing to the insurance policies represented by Certificates No. CN55985/81, CN55986/81, HT9504, HT9505, HU9503, HU9504, HU9505, HW9503, HW9504, HW9505, C58/3963, C58/3972, UJL0169, UKL0640, Plaintiffs,

v.

ST. JOE MINERALS CORPORATION, Renco Group, Inc., Doe Run Resources Corporation, and D.R. Acquisition Corp., Defendants.

No. 94–CV–1076.

United States District Court, N.D. New York.

June 23, 1995.

Peterson & Ross (Regina K. McCabe, of counsel) Chicago, IL, for plaintiffs.

Latham & Watkins (Michael W. Ellison, of counsel), Costa Mesa, CA, for defendants.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

## I.  BACKGROUND

Defendants previously brought a motion to dismiss this action on several grounds. On December 23, 1994, the court heard arguments on the motion and rendered an oral decision in which it dismissed the complaint without prejudice pursuant to Fed.R.Civ.P. 12(b)(6) because the case alleged was not currently a justiciable and ripe controversy upon which judgment could be rendered. This decision was summarized in an order dated February 25, 1995 after which judgment was entered by the Clerk of Court.

Plaintiffs now seek reconsideration of this decision and seek to vacate the February 25, 1995 order pursuant to Fed.R.Civ.P. 59(b) and 60(b).

## II.  ANALYSIS

### A.  Standard for Reconsideration

As both parties agree, a court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice. *Larsen v. Ortega*, 816 F.Supp. 97, 114 (D.Conn.1992). In regard to the second possibility, newly discovered evidence presented in support of a motion for reconsideration must be of the type which, with due diligence, could not have been discovered by the appellants prior to entry of the judgment. *Music Research, Inc. v. Vanguard Recording Soc'y, Inc.*, 547 F.2d 192, 196 (2d Cir.1976); *United States ex rel. Lynch v. Sandahl*, 793 F.Supp. 787, 796 (N.D.Ill.1992).

"With regard to the third ground, the Court cautions that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins v. Marathon*

*LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss.1990). The motion for reconsideration is not a device "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D.Va.1977). It is in light of this standard that the court decides whether to reconsider its February 25, 1995 order.

## B. Additional Policy Information

■ Plaintiffs now seek to have the court examine additional policy evidence which they claim was inadvertently omitted from the papers they submitted in response to the original dismissal motion. They claim that incomplete copies of two of the excess liability policies in question were inadvertently attached as exhibits to the complaint, leading to a factual misunderstanding of the limits of those policies, which they believe resulted in an erroneous decision on the dismissal motion. Plaintiffs contend that the omitted portions of these policies set forth the underlying schedule of insurance showing that the policies provide coverage to St. Joe Minerals after the company has paid $25,000 of self-insured retention rather than after higher limits of insurance coverage have been exhausted.[1]

Putting the substantive legal argument aside, the court must examine whether this can truly be considered "new evidence." The parties and the court agree that this additional information does not meet the requirements for "new evidence" as just outlined. However, plaintiffs insist that the court must consider this information now because they believe their omission resulted in a mistaken finding of fact which in turn led to an erroneous decision to dismiss this action.

Plaintiffs rely, *inter alia*, on *Continental Casualty Co. v. American Fidelity & Casualty Co.*, 186 F.Supp. 173, 180 (S.D.Ill.1959) in which the court reconsidered its prior decision because it had overlooked certain policy provisions material to the issue in question.

However, in that case, the court had previously been provided with the information and had made its decision without considering it, unlike this case in which plaintiffs did not provide the information until the reconsideration stage.

Here, there is no reason why plaintiffs could not have provided the information at an earlier stage. Even if plaintiffs did not keep full copies of the policies they issued, St. Joe Minerals produced copies of their insurance policies in November 1993 in the California state court action. This case was not filed until August 24, 1994. Regardless of plaintiffs' argument, seeking to have this additional information considered at this time is to ask the court to consider evidence that should have been previously available to plaintiffs and provided to the court. Considering this information now does not fit within the standards for reconsideration outlined above.

## C. Reconsideration of Case Law

■ Plaintiffs obviously disagree with the court's decision to dismiss the action. Their arguments for reconsideration, however, do not show that the court committed a clear error of law, but rather show that they simply disagree with the decision. As stated before, reconsideration may only be based on a clear error of law rather than on a point of a point of disagreement between the Court and the litigant. *Atkins*, 130 F.R.D. at 626.

Plaintiffs assert that the court misinterpreted the "practical likelihood" test found in *Associated Indemnity Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32 (2d Cir.1992). The court examined this case in reaching its prior decision, and while the court recognizes the fact that the decision discussed the "practical likelihood" test, it was essentially a decision on Rule 11 sanctions. In that case, the Second Circuit held that, under the circumstances, the appellant-plaintiff could have reasonably argued that its liabilities for a certain contaminated site might exceed a

---

1. In the decision to dismiss, the court noted that 7 out of 15 policies involved in this action provide coverage only after the first $25 million in underlying coverage has been exhausted. Of the remaining 8 policies, 1 provides coverage after $100,000 of underlying coverage has been exhausted, 1 after $200,000 has been exhausted, 2 after $2 million, 1 after $5 million, 1 after $7 million and 2 after $10 million.

particular figure, thus triggering insurance coverage by plaintiff. *Id.* at 35–36. However, the court did not make any decision as to whether this argument would have been successful when examined as a "practical likelihood." Rather, it simply held that although the argument "may have been a loser, ... it was not a sanctionable loser." *Id.* at 36. Thus, the decision does not present information that would make the court's previous decision a clear error of law.

 Additionally, plaintiffs bring the court's attention to the fact that CERCLA imposes joint and several liability unless a defendant can show other factors which would limit its liability. *See United States v. Alcan Aluminum Corp.*, 990 F.2d 711, 722 (2d Cir.1993) (explaining circumstances under which joint and several liability might not be imposed). The court is well aware of CERCLA and its standards. Moreover, the court finds that it was appropriate to take into consideration the number of other potentially responsible parties tied to the contaminated sites and the legal defenses set forth by St. Joe Minerals in the California state court action. This information clearly plays a part in whether triggering the excess liability policies is a mere possibility or a "practical likelihood." The court does not believe, nor have plaintiffs shown, that it is only allowed to consider the full estimated clean up costs of each site in order to determine whether triggering the excess liability policies is a "practical likelihood." Examining the totality of the circumstances, as the court is called on to do in so many other types of cases, would appear to give a more meaningful perspective on the issue.

Furthermore, the court finds that plaintiffs' argument against the case law relied upon in the dismissal decision presents a disagreement between the court and plaintiffs rather than a clear error of law. More specifically, the court is aware that a case upon which it relied in its prior decision, *Bellefonte Reinsurance Co. v. Aetna Casualty & Surety Co.*, 590 F.Supp. 187 (S.D.N.Y. 1984), involves reinsurance rather than excess liability insurance. However, even though the situation presented here is not completely analogous to that in *Bellefonte*, the court believes that the same basic principle is common to both: that no actual justiciable controversy can be found if an unsettled underlying suit between insurer and insured raises a serious question as to the likelihood that the plaintiff will be called upon to provide further insurance coverage. Although there are differences between *Bellefonte* and this case, the court does not find reliance on *Bellefonte* to be a clear error of law.

## III. CONCLUSION

In summary, the court, for all the foregoing reasons, denies plaintiffs' motion for reconsideration and leaves intact the order of February 25, 1995.

**IT IS SO ORDERED.**