PATTERSON–STEVENS, INC., Plaintiff,

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL UNION NO. 17, AFL–CIO, and Associated General Contractors of America New York State Chapter, Inc., Defendants.

No. 94–CV–0892C(H).

United States District Court, W.D. New York.

Nov. 29, 1995.

Saperston & Day, P.C., Buffalo, New York, for Plaintiff (Thomas S. Gill, of counsel).

Furlong and Delmonte, P.C., Buffalo, New York, for Defendants (John A. Ziegler, of counsel).

CURTIN, District Judge.

Currently before the court is plaintiff's motion to vacate the judgment entered in this case on July 24, 1995 (Item 24), and for leave to amend the complaint. Item 25.

The case involves a dispute over actions that defendant Local 17 alleges were taken by plaintiff Patterson–Stevens ("Patterson") under a collective bargaining agreement ("cba") that expired on March 31, 1994. In its complaint, Patterson alleged that on November 10, 1994, more than seven months after the termination of the cba, Local 17 attempted to initiate a grievance under the grievance provisions of the cba. Item 1, ¶ 11. It alleged further that in a letter dated December 2, 1994, Local 17 demanded that its grievance be arbitrated in accordance with the provisions of the cba. *Id.*, ¶ 12. It claimed that because Local 17's grievance letter was sent more than seven months after (i) it learned of the alleged contract violations, and (ii) the cba had expired, the grievance was initiated after the six-month statute of limitations provided under § 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b). *Id.*, ¶ 14. As a result, Pat-

terson had no duty to arbitrate the dispute. *Id.* The sole relief sought by Patterson was an injunction, permanently enjoining arbitration of the grievance. *Id.* at 5.

Local 17 moved to dismiss, and Patterson cross-moved for summary judgment. On July 21, 1995, the court issued an order holding that under § 7 of the Norris–La-Guardia Act, 29 U.S.C. § 107, the court lacked jurisdiction to issue an injunction staying arbitration. Item 23. Since the court had no jurisdiction to provide the sole relief sought by the plaintiff, the action had to be dismissed. *Id.* at 8.

Judgment was filed on July 24, 1995. Item 24. On August 7, Patterson filed a motion to vacate the judgment and for leave to amend its complaint to include a demand for a declaratory judgment, under the Declaratory Judgment Act, 28 U.S.C. § 2201–02, that the initiation of Local 17's grievance was not timely under the six-month statute of limitations under the NLRA. Item 25.

Patterson asserts that, because it believed that Second Circuit precedent established that a federal court could enjoin arbitration in situations like the one in this case, it saw no need to plead, in the alternative, a demand for declaratory relief. Item 26, pp. 3–4. Nevertheless, it argues, its right to declaratory relief was apparent on the face of its original complaint, and so, even though Patterson may not have been entitled to an injunction, the complaint should not have been dismissed in its entirety. *Id.* at 4–6. Judgment should therefore be vacated, and the company given leave to file an amended complaint. *Id.* at 6.

In response, Local 17 makes two arguments. Item 29. First, it points out that Patterson had a full opportunity to litigate all the issues before the court on Local 17's motion to dismiss, and never argued that it was entitled to declaratory relief as an alternative to an injunction, and never sought to amend its complaint to insert a request for declaratory relief prior to entry of judgment. Item 29, p. 2. It asserts that the court may, in its discretion, decline to entertain arguments made for the first time after final judgment.

Second, Local 17 maintains that Patterson's motion should be denied because its proposed amended complaint would have to be dismissed in any event. Item 29, p. 3. There is no support, it asserts, for the contention that the filing of a grievance under a collective bargaining agreement is governed by *any* statute of limitations. *Id.* at 3–4.

█ Generally, leave to amend a complaint should be freely granted under Fed.R.Civ.P. 15(a). However, " 'once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b).' " *National Petrochemical Company of Iran v. The M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir.1991) (quoting *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.1985)). "The merit of this approach is that '[t]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation.' " *Id.* at 245 (quoting 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1489, at 694 (1990)). "Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint." *Id.* On the other hand, it may "be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Id.*

█ There are limited grounds for granting a motion under Fed.R.Civ.P. 59(e):

> Rule 59(e) "recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice."

*Oxford House, Inc. v. City of Albany*, 155 F.R.D. 409, 410 (N.D.N.Y.1994) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss.1990)).

█ In this case, Patterson does not attack the July 21, 1995, ruling regarding the court's lack of jurisdiction to grant an injunction in this case. The only reason it gives for

vacating the judgment is that the court erred in failing to see that its original complaint stated a claim under the Declaratory Judgment Act. Thus, it seems to be asking the court "to correct a clear error of law or prevent manifest injustice." But its original complaint did not refer to declaratory judgment or the Declaratory Judgment Act, and as Local 17 points out, Patterson had ample opportunity, in opposing the motion to dismiss and *before* the entry of judgment, to point out any alternative grounds for relief and to request leave to amend. The court sees no clear error of law in its July 21, 1995, decision; neither is there any reason to think that it would be manifestly unjust to deny Patterson's motion.

This conclusion remains unchanged when the nature of Patterson's proposed amendment is taken into account. The basis for the proposed amendment is that Patterson is entitled to a judgment that the initiation of Local 17's grievance was not timely under the six-month statute of limitations under the NLRA. Patterson relies on *United Automobile, Aerospace and Agricultural Implement Workers of America, Local 33 v. R.E. Dietz Co.*, 996 F.2d 592 (2d Cir.1993). The *Dietz* case does not, however, support Patterson's position.

In *Dietz*, a union and union members brought an action against an employer under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking, *inter alia*, recovery of vacation benefits for a six-month period prior to the expiration of a collective bargaining agreement. *United Automobile, Aerospace and Agricultural Implement Workers of America, Local 33 v. R.E. Dietz Co.*, 996 F.2d at 593–96. The Second Circuit held that, in dismissing this claim as untimely, the district court properly applied the six-month statute of limitations contained in § 10(b) of the NLRA, 29 U.S.C. § 160(b). *Id.* at 596. The issue in *Dietz* was, thus, whether or not the union *plaintiffs* had brought their *federal court action* within the appropriate limitations period. In contrast, Patterson's claim in the present case is that the union *defendants* failed to *submit a grievance* to the employer in a timely fashion. Patterson cites no case law to support

the proposition that the submission of a grievance under a collective bargaining agreement is subject to a statute of limitations. Local 17, on the other hand, argues convincingly that the questions of whether or not the initiation of a grievance was timely, and whether or not the grievance should proceed to arbitration under the terms of a collective bargaining agreement, are ones for an arbitrator. As the Second Circuit stated in *Dietz*, "'[b]ecause the federal policy in favor of private dispute resolution is so strong,' a § 301 claim should be arbitrated unless it involves an issue that clearly is not covered by the arbitration clause." *Id.* at 596.

Since there was no clear error in the court's decision of July 21, 1995, and since it appears that the proposed amendment to the complaint in this case would be futile, plaintiff's motion to vacate judgment and for leave to file an amended complaint (Item 25) is denied.

So ordered.