Phillip Wayne CARLSON, Petitioner,

v.

Alfred E. FERGUSON, Judge of the Sixth Judicial Circuit Court of the State of West Virginia and Darrell V. McGraw, Jr., Attorney General of the State of West Virginia, Respondent.

Civil Action No. 3:97–1086.

United States District Court,
S.D. West Virginia,
Huntington Division.

March 16, 1998.

---

George A. Stolze, Huntington, WV, for Petitioner.

Scott E. Johnson, Dawn E. Warfield, Office of Attorney General, State Capital Complex, Charleston, WV, for Respondent.

---

## MEMORANDUM OPINION AND ORDER

CHAMBERS, District Judge.

On February 18, 1998, this Court issued a Memorandum Opinion and Order denying Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Supp. 1997). *See Carlson v. Ferguson,* 993 F.Supp. 969 (S.D.W.Va.1998). Following the entry of judgment in favor of Respondents, Respondents filed a motion to amend or alter the Court's judgment. *See* Fed.R.Civ.P. 59(e). Specifically, Respondents contend that the Court misapplied *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") when it evaluated Petitioner's Fourth Amendment claims under 28 U.S.C. § 2254(d)(1) and (2). Before addressing the merits of Respondents' motion, the Court must examine whether the relief requested is permissible under Federal Rule of Civil Procedure 59(e).

█ Federal Rule of Civil Procedure 59(e) allows a district court to amend its judgment (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993). The first two grounds are not applicable to this motion. Respondents premise their motion on the third ground.[1]

In their motion, Respondents remark that, in evaluating Petitioner's Fourth Amendment habeas claim, the Court first found that Petitioner had a "full and fair opportunity" to litigate the claim on the merits in state court. Respondents argue that the Court should have ended its inquiry with the "full and fair opportunity" finding. Respondents further contend that in "reaching the merits" of Petitioner's Fourth Amendment claim, the Court misapplied the AEDPA. The Court notes, however, that either analysis yields the same result. Petitioner still will not be afforded

---

1. Respondents are not arguing that the Court's judgment will result in manifest injustice. Rather, they maintain that the Court's application of the AEDPA and *Powell* constitutes a clear error of law.

habeas relief even if the Court adopts Respondents' standards. Hence, regardless of whether the Court grants or denies Respondents' motion, the judgment entered in this matter will remain unaltered. However, in order to determine if a clear error of law exists, the Court will address some of the points raised by Respondents' motion.

In examining Respondents' motion, the Court finds that Respondents have misconstrued the Court's analytical foundation. Specifically, Respondents assert that, in its Memorandum Opinion, the Court found that Petitioner received a "full and fair opportunity" to litigate his Fourth Amendment claim in state court and then applied the analysis contained in 28 U.S.C. § 2254(d)(1) and (2) of the AEDPA. Respondents' assertion misstates the Court's findings and conclusions. The Court, in its February 18, 1998 Memorandum Opinion, did not hold that *Stone v. Powell's* prudential underpinnings are no longer applicable to Fourth Amendment claims on collateral review under the AEDPA. In fact, the Court specifically found that the AEDPA extends the *Powell* deference rationale beyond the Fourth Amendment to include all federal claims that were adjudicated on the merits in state court.

■ The *Powell* rationale centers on whether a habeas petitioner received a full and fair opportunity to litigate his or her claim at the state court level. As the Supreme Court held in *Withrow v. Williams*, 507 U.S. 680, 686, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993), *Powell* did not create a jurisdictional bar to federal habeas relief. The *Powell* limitation against applying the Fourth Amendment exclusionary rule on collateral review rests on prudential grounds such as comity and respect for the state court adjudication process. *See Withrow*, 507 U.S. at 686, 113 S.Ct. 1745; *Kuhlmann v. Wilson*, 477 U.S. 436, 447, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).

In enacting the AEDPA, Congress expanded the prudential notion of federal deference to the state court adjudication process. *See Gochicoa v. Johnson*, 118 F.3d 440, 444 (5th Cir.1997). However, the AEDPA did not abandon the federal court's duty to ensure the integrity of the state court adjudication process regarding federal claims. See 28 U.S.C. § 2254(d). Even before enactment of the AEDPA, federal courts had an obligation to ensure that every criminal defendant was afforded a full and fair opportunity to litigate his or her federal claims at the state court level. *See Powell*, 428 U.S. at 494–95, 96 S.Ct. 3037. Accordingly, a federal court was required to do more than merely examine whether a claim was litigated on the merits in state court; a federal court had to ascertain whether the state court adjudication process was full and fair. *See Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir.1978); *see also Tukes v. Dugger*, 911 F.2d 508, 514 (11th Cir.1990) (holding no full and fair adjudication of Fourth Amendment claims where trial court's factual findings are unclear).

■ The AEDPA's two-tiered analytical approach replaces the full and fair opportunity test. Under the statute, federal courts first must determine whether there was a state court adjudication on the merits. 28 U.S.C. § 2254(d). After finding a state court adjudication on the merits, the federal court then must examine the decision reached in that adjudication.[2] Consistent with the AEDPA, a federal court reviews the state court adjudication process to ensure that (1) the state trial judge reasonably applied clearly established federal law as interpreted by the Supreme Court of the United States and (2) the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1) and (2).

In evaluating Petitioner's Fourth Amendment claim, the Court applied the AEDPA's two-tiered analytical approach. It first examined whether the claim was adjudicated on the merits in state court. Upon finding such an adjudication, the Court evaluated whether

---

**2.** If a claim was not adjudicated on the merits in a state court proceeding, then the second level of the AEDPA's two-tiered analytical approach would not be applicable. In such a case, a federal court presumably would conduct *de novo* review of the federal claim if the petitioner had not procedurally defaulted. However, the Court need not reach this issue in the context of this opinion.

the adjudication complied with the remainder of the test contained in 28 U.S.C. § 2254(d).

 In their Rule 59(e) motion, Respondents contend that the Court was incorrect in evaluating Petitioner's Fourth Amendment claims under the 28 U.S.C. § 2254(d) analytical framework because *Powell's* holding was premised under 28 U.S.C. § 2254(a). Respondents argue that Congress's failure to amend § 2254(a) evinces a clear legislative intent not to include Fourth Amendment claims under section 2254(d)'s two-tiered analytical approach. The Court finds this argument unpersuasive. *Kuhlmann* and *Withrow* firmly establish that the limitation on applying the Fourth Amendment exclusionary rule is neither jurisdictional nor statutorily based. *Withrow,* 507 U.S. at 686, 113 S.Ct. 1745; *Kuhlmann,* 477 U.S. at 447, 106 S.Ct. 2616. Again, the *Powell* holding regarding the exclusionary rule is premised on prudential principles of comity and deference to state courts. *See Withrow,* 507 U.S. at 686, 113 S.Ct. 1745.

Respondents have provided this Court with no evidence that Congress intended to exclude Fourth Amendment claims from the statutory framework of 28 U.S.C. § 2254(d). In fact, the plain language of the statute reads: "An application for a writ of habeas corpus ... shall not be granted with respect to *any* claim that was *adjudicated on the merits* in [state court]." 28 U.S.C. § 2254(d) (emphasis supplied). Following the well-established plain language rule of statutory interpretation, *see Brogan v. United States,* —— U.S. ——, ——, 118 S.Ct. 805, 807, 139 L.Ed.2d 830 (1998); *Green v. Biddle,* 21 U.S. (8 Wheat.) 1, 89–90, 5 L.Ed. 547 (1823), this Court concludes that the phrase "any claim that was adjudicated on the merits" as drafted in section 2254(d) includes claims premised under the Fourth Amendment's exclusionary rule. In accordance with its conclusion, the Court declines to alter its analysis in this case.

 After reviewing the basis for Respondents' Rule 59(e) motion, it is apparent that Respondents are not asking the Court to amend its judgment; they are petitioning the Court to alter its analysis. Mere disagreement with a Court's analysis or application of a statute does not support a Rule 59(e) motion. *See Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D.Miss.1990). Accordingly, the Court **FINDS** that Respondents have not alleged a proper basis for a Rule 59(e) motion.

For the reasons stated in this Memorandum Opinion, the Court **DENIES** Respondents' motion to alter or amend the Court's judgment.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented parties.