**David LOVELL Plaintiff**

v.

**Calvin HAMP Defendant**

**No. CIV.A. 2:99CV74SAA.**

United States District Court,
N.D. Mississippi,
Delta Division.

May 9, 2001.

Charles E. Webster, Twiford Webster & Gresham, Clarksdale, MS, for David Lovell.

Holly Stubblefield Mathews, Mitchell, McNutt & Sams, Oxford, MS, James Arden Barnett, Jr., John Samuel Hill, Mitchell, McNutt & Sams, Tupelo, MS, for Calvin K. Hamp.

### *MEMORANDUM OPINION*

ALEXANDER, United States Magistrate Judge.

This matter is before the court on motion of the plaintiff to alter or amend the judgment entered on March 22, 2001 that granted a motion for summary judgment in favor of the defendants Maurice Williams and Eddie Hayes. In the memorandum opinion filed in conjunction with the March 22 judgment, this court found the plaintiff had provided no evidence that Williams and Hayes were involved at any time in the incidents in question. The plaintiff disagrees with that finding. The plaintiff also now provides the court with additional evidence in an attempt to create a genuine issue of material fact and thus defeat summary judgment. After considering the plaintiff's motion, the court finds as follows:

## I. FACTS AND PROCEDURAL HISTORY

The facts of this case have been set out in this court's Memorandum Opinion of June 27, 2000 and need not be reiterated here. The plaintiff filed the present action alleging that the defendants were liable for injuries he suffered following his arrest in January 1998. According to the plaintiff, the defendants violated his constitutional rights based on a number of events, including beating him once he arrived at the Tunica County jail. Aggrieved by the court's order granting summary judgment as to Officers Williams and Hayes, the plaintiff filed the present motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

### A. MOTION TO ALTER OR AMEND JUDGMENT

It is well established that there are only three possible grounds to support a motion filed pursuant to Rule 59(e): (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice. *See Atkins, et al. v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss.1990). In the present case, there has been no intervening change in the law. The plaintiff does contend, however, that he has new evidence in the form of deposition testimony that creates a genuine issue of material fact as to whether Officers Williams and Hayes were in the room when the plaintiff was allegedly beaten. The "new" evidence provided to the court along with the present motion is not sufficient to support a motion to alter or amend because the court construes this evidence as "previously available." Specifically, the plaintiff attempts to have the court consider the deposition testimony of both Maurice Williams and Eddie Hayes.

This testimony was not before the court when the plaintiff filed its response to the motion for summary judgment. The plaintiff states that while the depositions had been taken, he had not received the transcripts and thus did not mention them in his response. The court does not see this as evidence "not previously available." Clearly, such evidence was available. The plaintiff could have contacted the court reporter in an effort to speed up the transcribing, or the plaintiff could simply have informed the court that such information existed. The deposition testimony may well show that Williams and Hayes were in the room when the plaintiff alleges he was beaten, but the court will not consider evidence previously available and not provided to the court in its response. *See Russ v. International Paper Co.*, 943 F.2d 589, 593 (5th Cir.1991) (holding unexcused failure to present evidence which is available at time summary judgment is under consideration constitutes valid basis for denying motion to reconsider). Finally, the court looks to the third factor to consider under Rule 59, and the court does not find a clear error of law. However, the court does believe that the previous order should be altered to prevent manifest injustice.

Along with attempting to utilize the newly produced deposition testimony described *supra*, the plaintiff now points to deposition testimony that was before the court when it made its March 22 ruling. That is not to say that the plaintiff pointed to the testimony in his response to the motion for summary judgment. Indeed portions of the testimony to which the plaintiff now refers for the first time are portions derived from depositions attached to the *defendant's motion for summary judgment.* When this court granted summary judgment, it did so in large part because the *plaintiff* had provided no evidence that either Williams or Hayes was in

the room when the plaintiff claims to have been beaten. The plaintiff now points to a combination of the deposition testimony of Officer Hamp and the plaintiff himself. In his deposition, Officer Hamp stated: "I recall Officer Maurice Williams and Officer Eddie Hayes escorting Mr. Lovell off the intoxilizer machine." The intoxilizer machine was in the room in which the plaintiff was allegedly beaten. Officer Hamp also testified that following the events in the intoxilizer room,[1] "they took [the plaintiff] down the hallway, Officer Williams and Officer Hayes." The plaintiff then refers to his own deposition testimony in which he states that the officer or jailer who took him down the hallway was in the room when he was allegedly being beaten. Specifically, when asked whether the person who led him out of the room was in the room when he was beaten, the plaintiff responded, "I believe so."

The evidence produced by the plaintiff in support of the present motion is insubstantial at best. However, it is clear that while Williams and Hayes deny that the plaintiff was beaten in the room, it is undisputed they were in the room at the time in question. Consequently, to dismiss the defendants Williams and Hayes from the action entirely would be unjust. The court granted summary judgment because the evidence described by the plaintiff did not create a genuine issue of material fact. The plaintiff now points to evidence that was before the court albeit not mentioned. That evidence does create a genuine issue of material fact as to whether Officers Williams and Hayes failed to protect the plaintiff while he was allegedly being beaten and whether their actions support a claim for the intentional infliction of emotional distress. Accordingly, the court will alter its previous judgment and reinstate

Officers Williams and Hayes as defendants in the present case.

The court's ruling should not be interpreted to mean that the plaintiff has provided evidence sufficient to defeat summary judgment as to all claims against Officers Williams and Hayes. In his response to the motion for summary judgment, for instance, the plaintiff conceded that he had no evidence to support his claims against Officers Williams and Hayes in their official capacities. Consequently, the court is concerned only with the claims against the defendants in their individual capacities. In their motion for summary judgment, the defendants argued they were entitled to summary judgment as to the claims against them in their individual capacities pursuant to the doctrine of qualified immunity. Because the court found no evidence that Officers Williams and Hayes were even involved in the present case, the court did not reach the issue of qualified immunity as it applied to Williams and Hayes. The court will do so now.

■ As the court explained in its March 22 opinion, a defendant acting in his individual capacity may invoke the doctrine of qualified immunity to shield himself from liability. *Owen v. City of Independence, Mo.,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Often referred to as the qualified immunity defense, the doctrine of qualified immunity is not a defense at all, but is essentially a right not to be sued under certain circumstances. *Thornhill v. Breazeale,* 88 F.Supp.2d 647, 653 (S.D.Miss.2000). The doctrine of qualified immunity does not insulate from liability a governmental entity or a person acting in his official capacity. *Owen,* 445 U.S. at 622, 100 S.Ct. 1398. It can only protect a

---

1. The court wants to make it clear that the defendants' version of the events that occurred in the intoxilizer room differ greatly from the version provided by the plaintiff.

person acting under color of law in his individual capacity. In the present case, the plaintiff named Officers Williams and Hayes in their individual capacity.

■ To determine whether a defendant is entitled to qualified immunity, the court performs a following two-part test, determining (1) whether the plaintiff has alleged a violation of a clearly established constitutional right, and (2) if so, whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident. *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir.1998). In the present action, the plaintiff alleges that the defendants violated his constitutional rights. However just as he did with Officer Hamp, the plaintiff has provided evidence to support only one of these claims, and thus, summary judgment shall be granted as to the rest.

With the evidence now before the court and specifically referred to by him, the plaintiff has provided sufficient evidence to support a claim of failure to protect, and the court will allow the plaintiff to pursue that claim. The plaintiff has provided no evidence, however, that either Officer Williams or Hayes used excessive force to restrain him or that they violated any other constitutional rights. Accordingly, the defendants Williams and Hayes are entitled to summary judgment as to the claim of excessive force[2] and any remaining claims that the plaintiff may have intended as a violation of his constitutional rights.

### B. STATE LAW CLAIMS

■ As for the state law claims, the plaintiff has provided no evidence to support a claim of conspiracy (Count VII in the complaint), and thus that claim will not be allowed to proceed. In Count IX, the plaintiff alleges assault and battery. Assault occurs where a person "(a) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." Restatement (Second) of Torts § 21 (1965). A battery goes one step beyond an assault in that a harmful contact actually occurs. *See Webb v. Jackson,* 583 So.2d 946, 951 (Miss.1991); Restatement (Second) of Torts § 13 (1965). As with his claim of conspiracy, the plaintiff has provided no evidence whatsoever that either Officer Williams or Officer Hayes committed an assault or battery against him. The plaintiff has now pointed to evidence that Williams and Hayes were in the room when he was allegedly beaten, but he has provided no evidence that they actually beat him. Finally in Count X, the plaintiff alleges intentional infliction of emotional distress. In order to prevail on this claim, the plaintiff will have to show that Officers Williams' and Hayes' conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Pegues v. Emerson Elec. Co.,* 913 F.Supp. 976, 982 (N.D.Miss. 1996). The court finds that the plaintiff has provided sufficient evidence to withstand summary judgment as it pertains to his intentional infliction of emotional distress allegations against Officers Williams and Hayes when they allegedly failed to protect the plaintiff at the Tunica County jail. This is the only instance in which the plaintiff has provided proof enough to sus-

---

2. While the plaintiff does not specifically spell out a claim for excessive force, the court construed such an allegation in the complaint against Officer Hamp. The court dismissed that claim against Hamp because there was no evidence that Officer Hamp had anything to do with any alleged injuries suffered by the plaintiff. Similarly, the plaintiff provides no evidence that either Officer Williams or Hayes had anything to do with any injuries suffered.

tain a claim of intentional infliction of emotional distress in the present case.

A judgment in accordance with this opinion shall issue this day.