Leroy BAILEY, Plaintiff,

v.

**The SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Defendant.**

Civ. A. No. 3:92–3323–19BC.

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 19, 1993.

Mary P. Miles, Columbia, for plaintiff.

Vance J. Bettis, Gignilliat, Savitz & Bettis, Columbia, for defendant.

**220**

## ORDER

SHEDD, District Judge.

Plaintiff has filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*) claiming that he was denied a job promotion because of his race and gender. This case is now before the Court on defendant's motion for summary judgment, which was filed on April 23, 1993, and plaintiff's counsel's motion to be relieved as counsel, which was filed on September 18, 1993.[1] After carefully reviewing the record and the controlling legal principles, the Court concludes that the motion for summary judgment should be granted and, consequently, the motion to be relieved as counsel is moot.

### I

■ Summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c). Summary judgment is not "a disfavored procedural shortcut, but rather [it is] an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting *Fed.R.Civ.P.* 1). When the moving party properly supports its motion showing that it is entitled to judgment as a matter of law, the party opposing the motion must present "affirmative evidence" to establish a genuine dispute of material fact which is necessary to defeat the summary judgment motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257–58, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986). In reviewing a motion for summary judgment, the Court is required to view any permissible inferences to be drawn from the underlying facts in the light most favorable to the non-moving party. *Moore v. Winebrenner,* 927 F.2d 1312, 1313 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991). If, after viewing the evidence in the light most favorable to the non-moving party, the Court finds that the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial, the Court must grant summary judgment against that party. *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 883–84, 110 S.Ct. 3177, 3186–87, 111 L.Ed.2d 695 (1990).[2]

### II

■ In order to prevail in this case, plaintiff must establish that but for his race and gender, he would have been promoted. *Holder v. City of Raleigh,* 867 F.2d 823, 827 (4th Cir.1989). Plaintiff has conceded in his deposition (and by silence in his response to the motion) that he has no direct or indirect evidence of discrimination. Therefore, the Court must analyze plaintiff's claim under the "shifting burdens" framework established by the Supreme Court in *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *McDonnell–Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ Generally, under this analysis, plaintiff must first establish a *prima facie* case of discrimination. If plaintiff makes such a showing, defendant must then provide a sufficient explanation to rebut the presumption of discrimination which arises as a result of the *prima facie* showing. If defendant successfully rebuts the presumption, then plaintiff must produce evidence that establishes that defendant intentionally discriminated against him because of his race or gender. *See St. Mary's Honor Center v. Hicks,* ——

---

1. This matter was previously assigned to United States Magistrate Judge Joseph R. McCrorey for pretrial proceedings. For administrative reasons, the Court has withdrawn the reference.

2. From the record presented, the material facts appear to be undisputed. The Court notes that defendant has referenced specific points in the record which it contends establish the material facts of this case. With the sole exception of making reference to the Determination of the Equal Employment Opportunity Commission ("EEOC") dated May 21, 1991, plaintiff has not pointed to specific portions of the record which he contends either establish material facts or dispute defendant's assertion of what the material facts are.

U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

Defendant argues that plaintiff cannot establish a *prima facie* case of discrimination and, even assuming *arguendo* that he could make such a showing, he cannot show that defendant's proffered non-discriminatory reasons for not promoting him are pretextual.[3] In opposition to the motion, plaintiff contends that the EEOC Determination on his claim of race discrimination, in which the EEOC Investigator found that there was reasonable cause to believe that plaintiff was not promoted because of his race, is sufficient to create a genuine issue of material fact to withstand summary judgment under the "shifting burdens" analysis. Defendant argues in reply that the EEOC Determination lacks probative value because it is self-contradictory on certain key issues and that plaintiff has presented no other evidence in support of his claims.

Assuming, without deciding, that plaintiff has made a *prima facie* showing of race and gender discrimination, the Court finds that defendant has clearly articulated a nondiscriminatory reason for its decision not to promote plaintiff—that is, other candidates' better qualifications. Therefore, at this point, it is incumbent upon plaintiff to produce evidence from which the factfinder could conclude that defendant intentionally discriminated against him because of his race. As noted, plaintiff relies entirely on the EEOC Determination. However, plaintiff's reliance on this document is misplaced.

In *Goldberg v. B. Green And Company,* 836 F.2d 845 (4th Cir.1988), the Fourth Circuit addressed the effect that administrative findings have in discrimination cases. Specifically, the Fourth Circuit stated:

[F]or purposes of this appeal, we assume that the Commission's findings constituted admissible evidence. But even after mak-ing that assumption, we must conclude that the Commission's findings are not sufficiently probative to create a genuine issue of material fact about [the defendant's] intent to discriminate.... The Commission's report merely repeats facts which [the plaintiff] himself alleged elsewhere in this case, and then states in conclusory fashion that those facts reflect ... discrimination. Such findings, standing alone, are not enough to salvage [the plaintiff's] claim.

836 F.2d at 848 (footnote omitted).

The EEOC Determination, upon which plaintiff exclusively relies, is at least as defective—if not more so—than the one in *Goldberg* because it is, as defendant argues, self-contradictory. With respect to plaintiff's claim of age discrimination, the EEOC found no reasonable cause to believe a violation of the Age Discrimination in Employment Act occurred and the EEOC Investigator stated that "[n]one of these employees [who were promoted in lieu of plaintiff] are less qualified than [plaintiff]." However, later in the Determination, in finding that reasonable cause exists to believe that defendant violated Title VII, the EEOC Investigator stated that plaintiff "is clearly better qualified" than the employees who were promoted in lieu of him.[4] Given this internal inconsistency, the Court finds that the EEOC Determination lacks any probative value. Because this is the only evidence to which plaintiff has directed the Court's attention in regard to the motion for summary judgment, the Court concludes that plaintiff has failed to meet his burden under Rule 56 and the "shifting burdens" analysis. Accordingly, defendant is entitled to summary judgment.

### III

**IT IS THEREFORE ORDERED** on this the 19th day of October, 1993, at Columbia,

---

3. The Court recognizes that defendant filed this motion prior to the Supreme Court's decision in *Hicks,* which appears to have changed the focus of the final prong of the "shifting burdens" analysis at the summary judgment stage from whether the plaintiff can establish that the defendant's proffered reason is pretextual to simply whether the plaintiff can show evidence sufficient for the factfinder to conclude that the defendant's ad-verse employment decision was wrongfully based on an impermissible factor such as race or gender. *See LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836 (1st Cir.1993).

4. The Court questions how the EEOC Determination aids plaintiff's claim of gender discrimination since one of the employees who was promoted is male.

South Carolina, that defendant's motion for summary judgment be **GRANTED.**[5]

---

**5.**  Plaintiff's counsel's motion to be relieved as counsel is **MOOT.**  The Court notes that the fact that plaintiff desires to substitute counsel has no bearing on the motion for summary judgment since plaintiff's current counsel filed a response to the summary judgment motion on his behalf.