**Kenneth A. DOCKINS, Plaintiff,**

v.

**BENCHMARK COMMUNICATIONS, Defendant.**

No. 6:97–0554–20AK.

United States District Court, D. South Carolina, Greenville Division.

May 14, 1998.

---

James Lewis Cromer, Columbia, SC, for plaintiff.

H. Sam Mabry, III, Greenville, SC, for defendant.

## ORDER

HERLONG, District Judge.

This age discrimination case is before the court on the motion of the plaintiff, Kenneth A. Dockins ("Dockins"), to reconsider the court's order dated February 13, 1998 ("February Order"). The defendant, Benchmark Communications ("Benchmark"), filed an opposing memorandum.

### I. PROCEDURAL BACKGROUND

In its February Order, the court granted Benchmark's summary judgment motion. The court found that Dockins raised a genuine question of material fact about the legitimacy of the defendant's nondiscriminatory reason for Dockins' termination. However, the court granted Benchmark's summary judgment motion because Dockins failed to provide sufficient evidence to raise a genuine issue of material fact as to whether age was the real reason for his termination. Dockins questions whether the legal standard that the court applied is consistent with the United States Supreme Court's opinion in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) and the precedent of the United States Court of Appeals for the Fourth Circuit. For the reasons stated below, the court affirms the reasoning of its February Order and denies Dockins' motion to reconsider.

### II. STANDARD FOR RECONSIDERATION

■ Dockins asks the court to reconsider the February Order under Rule 59 of the Federal Rules of Civil Procedure. Motions under Rule 59 are limited in scope and are not to be used to " 'rehash' the same argu-

ments and facts previously presented." *Rouse v. Nielsen*, 851 F.Supp. 717, 734 (D.S.C.1994). Furthermore, "[a] motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink what the Court ha[s] already thought through—rightly or wrongly.' " *United States v. Dickerson*, 971 F.Supp. 1023, 1024 (E.D.Va.1997) (citation omitted). Accordingly, the United States Court of Appeals for the Fourth Circuit recognizes only three grounds for revisiting a settled matter under this rule: "(1) to accommodate an intervening change in the law; (2) to account for new evidence [not previously available]; and (3) to correct a clear error of law or prevent manifest injustice." *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir.1997) (citation omitted). Dockins' motion does not rest on any of these grounds.

Dockins asserts no new law or evidence in his motion for reconsideration. He argues that the court should reconsider its order to correct a clear error of law. *See* (Mem.Supp. Def.'s Mot. for Reconsider at 4) ("[I]t seems that according to [case law in existence at the time of the February Order] that this same evidence [as previously presented to the court] would be sufficient to allow the trier of fact to infer age discrimination.") As discussed below, the federal circuits are split on the proper standard courts should apply to summary judgment motions in discrimination cases, such as this one. Accordingly, this court concludes that it did not make a clear error of law. *See Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss. 1990) ("[A]ny litigant ... bringing a motion to reconsider based upon [this] ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the court and the litigant.")

### III. DISCUSSION OF THE LAW

#### A. Discrimination Proof Scheme

■ Dockins pursued his age discrimination claim under the familiar burden-shifting analysis instituted in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this scheme,

Dockins proved his *prima facie* case, thereby raising a presumption of discrimination and shifting to Benchmark the burden of articulating a legitimate, nondiscriminatory reason for Dockins' termination. *See Hicks,* 509 U.S. at 506, 507, 113 S.Ct. 2742 (citations omitted). Benchmark articulated a nondiscriminatory reason for firing Dockins, thereby causing any presumption of discrimination to "drop[ ] from the case." *Id.* at 507, 113 S.Ct. 2742 (citations omitted). Dockins then had the burden of producing evidence to show that Benchmark's reason was a " 'not the true reason for the employment decision,' and that [age] was." *Id.* at 508, 113 S.Ct. 2742 (citations omitted). Dockins was able to raise a genuine question of material fact about the legitimacy of Benchmark's nondiscriminatory reason. (Feb. Order at 9.) However, Dockins was not able to provide sufficient evidence to create a genuine issue of material fact as to whether discrimination was the real reason for Benchmark's decision to fire him. (*Id.* at 9–10.) Dockins argues that simply raising a question about the truthfulness of Benchmark's stated reason should prevent the court from granting Benchmark's summary judgment motion. The court disagrees.

United States circuit courts remain split on what a plaintiff must prove to defeat an employer's summary judgment motion. *Moore v. J.P. Stevens & Co.,* 957 F.Supp. 82, 84 (D.S.C.1997) (citations omitted), *aff'd,* 133 F.3d 916 (4th Cir.1998). This court has framed this issue as such:

A majority of circuits, including the Third, Sixth, Seventh, Eighth, and Eleventh Circuits, hold that a plaintiff can survive summary judgment by raising a genuine factual issue as to whether the non-discriminatory reason was truthful [i.e., a "pretext-only" standard]. These courts infer discrimination if a plaintiff can prove his or her prima facie case and raise a genuine issue as to the truthfulness of the employer's proffered reason. A minority of circuits, including the First and Fifth Circuits, have applied a more exacting standard. These courts hold that a plaintiff cannot survive summary judgment by merely showing that the employer's non-discriminatory reason was a lie. The plaintiff must also introduce evidence from which a jury could reach the ultimate finding of discrimination [i.e., a "pretext-plus" standard].

*Id.* at 85. Both views find support for their positions in the Supreme Court's controversial, 5–4 decision in *Hicks.*

In *Hicks,* the Court held that a plaintiff is not entitled to judgment as a matter of law if all that he can show is that the employer's nondiscriminatory reason was false. The Court stated that the plaintiff must not only show that the employer's nondiscriminatory reason was false, but must also provide some additional evidence of discrimination. *Hicks,* 509 U.S. at 515, 519, 113 S.Ct. 2742 (stating that the plaintiff must show "both that the reason was false, and that the discrimination was the real reason" and that "it is not enough . . . to disbelieve the employer"). However, the opinion was muddied by the following language:

The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons, will permit the trier of fact to infer the ultimate fact of intentional discrimination.

*Id.* at 511, 113 S.Ct. 2742. This seemingly contradictory language has contributed to the confusion among the circuits. *See e.g., Ellis v. NCNB Texas Nat.'l Bank,* 842 F.Supp. 243, 249 (N.D.Tex.1994) ("This Court concedes that the portions of language that tend to compete with one another in the [*Hicks* ] decision are not immediately reconcilable.") Additionally, in *Hicks,* the Court was reviewing a plaintiff's burden at trial. Therefore, the decision did not directly address the standard courts should apply in considering summary judgment motions. *See Hicks,* 509 U.S. at 505, 113 S.Ct. 2742. Building on *Hicks,* the courts of the Fourth Circuit and the District of South Carolina have developed rules for governing summary judgment motions in discrimination cases.

## B. Fourth Circuit and District of South Carolina Opinions

The Fourth Circuit Court of Appeals has not clearly articulated what evidence is required for a plaintiff to survive a summary judgment motion in a discrimination claim. Commentators disagree on whether the Fourth Circuit follows the majority, "pretext-only" or the minority, "pretext-plus" standard.[1] This confusion is understandable. In *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310 (4th Cir.1993), the Fourth Circuit held that a defendant could win at summary judgment if the plaintiff "fail[ed] to show a genuine factual dispute over the employer's legitimate nondiscriminatory explanation." *Id.* at 1317. Additionally, Dockins cites other Fourth Circuit precedent indicating that a plaintiff may survive summary judgment if he creates a genuine issue of material fact regarding the legitimacy of the employer's nondiscriminatory reason. (Pl.'s Mem. in Supp. of Mot. to Reconsider at 3.)[2] However, the Fourth Circuit has not continued to embrace *Mitchell*, which was decided shortly after *Hicks*.

Without expressly overruling *Mitchell* and its progeny, Fourth Circuit precedent has developed an increasing affinity for the two-part, "pretext plus" standard at summary judgment. The court has recently invoked the two-part test in establishing the burdens at the summary judgment stage of a discrimination case: "If the defendant succeeds in rebutting the presumption [of discrimination], the burden of production returns to the plaintiff to show that the defendant's nondiscriminatory explanation is pretextual *and* that the employment decision was based on sex discrimination." *Reinhold v. Commonwealth of Virginia*, 135 F.3d 920, 932 (4th Cir.1998) (emphasis added) (citation omitted). In addition to this holding, the Fourth Circuit Court of Appeals has had several opportunities to address the pretext issue in a variety of recent unpublished cases. In ruling on the ability of a plaintiff to survive summary judgment, the Fourth Circuit has repeatedly held claimants to the stricter, "pretext plus" standard.[3] The District of South Carolina has done the same.

In *Moore*, this court concluded that the Fourth Circuit would follow "the more exacting, minority standard."[4] *Id.* The District of South Carolina had earlier stated that

---

1. *Compare* Jody H. Odell, Comment, *Between Pretext Only & Pretext Plus: Understanding* St. Mary's Honor Center v. Hicks *and its Application to Summary Judgment*, 69 Notre Dame L.Rev. 1251, 1278 n. 139 (1994) (arguing that the Fourth Circuit adheres to the majority, "pretext only" rule) *with* Alison M. Donahue, Note, *Employment Law—Ramifications of* St. Mary's Honor Center v. Hicks: *The Third Circuit's Revival of the "Pretext–Only" Standard at Summary Judgment*, 41 Vill.L.Rev. 1287, 1313 n. 72 (1996) ("Despite its pronounced 'pretext-only' slant, authority exists within the Fourth Circuit in which a 'pretext-plus' analysis at summary judgment was adopted.").

2. Specifically, Dockins asserts that:

   Since Judge Herlong found that the Plaintiff had produced evidence such that 'a reasonable trier of fact could decide that Benchmark's proffered reason is not legitimate,' it seems that according to *St. Mary's Honor Center[ v. Hicks]* and *Burns[ v. AAF–McQuay, Inc.*, 96 F.3d 728 (4th Cir.1996) ] that this same evidence would be sufficient to allow the trier of fact to infer age discrimination.
   (Mem. in Supp. of Mot. to Reconsider at 4.)

3. *See e.g., Roth v. Montgomery County*, No. 97–1200, 1998 WL 196610, at *3 (4th Cir. Apr. 22, 1998) (unpublished per curiam opinion) (affirming grant of summary judgment and holding plaintiff's final burden in sex discrimination case is to "prove 'both that the reason was false and that [gender] discrimination was the real reason.' ") (citation omitted); *O'Lee v. Sentara Hosp.*, No. 97–1965, 1998 WL 153408, at *2 (4th Cir. Apr. 3, 1998) (unpublished per curiam opinion) (affirming grant of summary judgment and holding, "In order to demonstrate pretext, [ADEA plaintiff] must prove that [the defendant's] reason was false and that age discrimination motivated [the defendant's] action."); *Asuncion v. Southland Corp.*, No. 96–2702, 1998 WL 71529, at *1 (4th Cir. Feb. 23, 1998) (unpublished per curiam opinion) (affirming grant of summary judgment and holding, "If the defendant meets this burden [of producing a nondiscriminatory reason], the burden then shifts back to the plaintiff to show that the reason proffered by the defendant was false and that race was the real reason for the adverse action.").

4. In *Moore*, the court stated that the Fourth Circuit adheres to this standard. *Moore*, 957 F.Supp. at 85. However, the Fourth Circuit has not thoroughly discussed this issue in a published opinion. Therefore, it is more accurate to state that several opinions, both published and unpublished, indicate that the Fourth Circuit would follow this rule.

*Hicks* had altered the analysis for summary judgment review of discrimination cases. *Bailey v. South Carolina Dep't of Soc. Servs.,* 851 F.Supp. 219, 221 n. 3 (D.S.C.1993). In *Bailey,* the court held that, instead of merely casting doubt on an employer's proffered reason, to survive summary judgment a plaintiff must "show evidence sufficient for the factfinder to conclude that the defendant's adverse employment decision was wrongfully based on an impermissible factor such as race or gender." *Id.* Accordingly, under this more exacting standard, it is not enough for Dockins to only raise a genuine question of fact about the legitimacy of Benchmark's nondiscriminatory reason. Dockins must also provide sufficient evidence to raise a genuine issue of material fact as to whether Benchmark's decision was based on age. *Id.; Williams v. Grimes Aerospace Co.,* 988 F.Supp. 925, 937 (D.S.C.1997). Therefore, under the recent rulings of the Fourth Circuit and this court, Dockins has failed to raise a question of fact sufficient to present his case to a jury.

The Fourth Circuit recently employed this precise analysis to affirm a grant of summary judgment in a discrimination case. In *Baker v. North Carolina Dep't of Commerce,* 139 F.3d 887, 1998 WL 168462 (4th Cir.1998) (unpublished per curiam opinion), the plaintiff attempted to prove a claim of racial discrimination under the *McDonnell Douglas* burden-shifting scheme. *Id.* at *4. The trial court granted the defendant's motion for summary judgment. *Id.* at *2. On appeal, the Fourth Circuit analyzed the plaintiff's claim under *McDonnell Douglas.* The appellate court assumed that the plaintiff properly established her *prima facie* case of discrimination. *Id.* The court then recognized that the defendant put forth a valid, nondiscriminatory reason for its decision. *Id.* at *3. In its analysis of the plaintiff's final burden at the summary judgment stage, the Fourth Circuit's rationale mirrors this court's February Order. The Fourth Circuit reasoned: "Although [the plaintiff] bears the burden of demonstrating that [the defendant's] proffered legitimate, non-discriminatory basis for her discharge was pretextual, she has simply failed to forecast evidence that she was the victim of intentional race discrimination."

*Baker,* 1998 WL 168462, at *4. The appellate court then affirmed the lower court's grant of summary judgment. *Id.* Faced with the same circumstances as the instant case, albeit in a claim for racial discrimination, the *Baker* panel performed the same analysis as this court's February Order. Though Dockins' claim was admittedly close, the court's legal basis was sound. This court's February Order aligns with the stated opinions of this district and the Fourth Circuit Court of Appeals. Accordingly, it is

**ORDERED** that Dockins' motion to reconsider is denied.

**IT IS SO ORDERED.**